UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ONE WEST BANK, FSB, <br><br>              Plaintiff, <br><br>   v. <br><br>RICHARD WILLIAM BREINHOLT and SUSAN LYN BREINHOLT and JOHN DOES 1-10 as occupants of the premises located at 2575 Tanglerose Place, Eagle, Idaho, <br><br>              Defendants. | Case No. 1:10-CV-459-BLW <br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

This matter was reassigned to me from Magistrate Judge Dale because the parties have not consented to the jurisdiction of a United States Magistrate Judge to enter final orders. The Court now enters a final order remanding this case to state court.

# BACKGROUND

Pro Se Defendants Richard William Breinholt and Susan Lyn Breinholt removed this action from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, on September 8, 2010. (Dkt. 1.) The state court complaint filed by Plaintiff One West Bank, FSB, seeks post foreclosure eviction of the occupants of a personal residence, ejectment, and restitution of real property. (Dkt. 1.) No money

**Memorandum Decision and Order – 1**

damages are sought other than attorney fees and costs in the amount of $1,000 if judgment is entered by default.

Upon removal, Defendants filed an answer and counterclaim. (Dkt. 5.) The counterclaim asserts, in general terms, that diversity jurisdiction exists and that Plaintiff/Counterdefendant violated several federal statutes.  They also filed a Motion for Preliminary Injunction, seeking to enjoin Plaintiff's efforts to evict the occupants of the residence. (Dkt. 3.)  The matter was assigned by random draw to United States Magistrate Judge Dale.  Judge Dale reassigned the case to me because the parties did not consent to a United States Magistrate Judge issuing final orders. (Dkt. 1, 7, 8.)

Because of the nature of the proceedings, the Court reviewed the Complaint and Counterclaim to determine if the action was properly removed.  The Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. 28 U.S.C. § 1446(c)(4) (stating that the "district court in which such a notice [of removal] is filed shall examine the notice promptly"); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time"); *Galvez v. Kuhn*, 933 F.3d 773, 775 n.4 (9th Cir. 1991) (defects in jurisdiction can be raised *sua sponte*, whether the parties raise the issue or not).[1]

Under 28 U.S.C. § 1441(a), an action must be "fit for federal adjudication when

---

[1] This is in contrast to the court's ability to remand *sua sponte* for procedural defects upon removal. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (holding that district courts have no authority to remand a case *sua sponte* for procedural defects).

**Memorandum Decision and Order – 2**

the removal petition is filed." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Removal jurisdiction is statutory and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

A defendant bears the burden of establishing federal jurisdiction when they seek removal to federal court and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The existence of federal question jurisdiction or diversity jurisdiction is ordinarily determined from the face of the complaint. *Sparta Surgical Corp.*, 159 F.3d at 1211.

**1.     Diversity Jurisdiction**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over an action if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship of the parties is completely diverse if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, citizenship and residence are not the same thing. *Mantin v.*

**Memorandum Decision and Order – 3**

*Broadcast Music, Inc.*, 244 F.3d 204, 206 (9th Cir. 1957). A corporation is a citizen of the state "by which is has been incorporated" and the state "where is has its principal place of business." 28 U.S.C. § 1332(c)(1).

But 28 U.S.C. § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. The reasoning behind this rule is that removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. *Lively v. Wild Oat Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). There is no need for such protection when the defendant is a citizen of the state where the case is brought. *Id*. The forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. *Id*.

Based on the Complaint, Defendants are citizens of Idaho residing in Ada County. Accordingly, Defendants are not entitled to remove the case to federal court because it violates the forum defendant rule.

**2.     Federal Question**

Federal courts also have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. To remove a case arising under federal law, 28 U.S.C. § 1446(b) provides that the case stated by the initial pleading must, in the first instance, be removable. Thus, a counterclaim cannot form the basis for invoking removal to federal court. *See also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question defendants raise in

**Memorandum Decision and Order – 4**

their counterclaims does not provide a basis for removal."). Therefore, although Defendants in their counterclaim assert that Plaintiff violated federal law, their counterclaim cannot serve as the basis for invoking federal jurisdiction upon removal.

The Complaint here seeks eviction, ejectment, and restitution of real property under state law. No federal statute is alleged to have been violated. Therefore, the action does not "arise under" federal law and Defendants are not be entitled to remove the action to federal court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that this case be immediately REMANDED to the District Court of the Fourth Judicial District of the State of Idaho.



DATED: **September 14, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 5**